IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THINKDIRECT MARKETING GROUP, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GRAYSQUARE, INC.,**<br><br>*Defendant.* | **Case No. 2:24-CV-0754-JDW** |

### MEMORANDUM

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to appear. *See* Fed. R. Civ. P. 55(b)(2). To obtain a default judgment pursuant to Rule 55(b)(2), a litigant must first obtain an entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). Then, the district court judge has discretion as to whether to grant a motion for default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Butler v. Experian Info. Sols.*, No. CV 14-07346,

2016 WL 4699702, at *2 (E.D.Pa. Sept. 7, 2016) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688.1 (4th ed.)). Judges need not accept the moving party's legal conclusions or allegations related to the amount of damages. *Id.*

Plaintiff Thinkdirect Marketing Group, Inc. ("TDMG") asserted claims against GraySquare for breach of contract, implied contact/*quantum meruit*, and unjust enrichment. In Pennsylvania, a breach of contract claim requires proof of three elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, Nat'l Assn. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super.1999). The Parties had a written agreement that required TDMG to promote and market certain programs that GraySquare offered in exchange for payment by GraySquare. TDMG did its part, but GraySquare hasn't paid. TDMG has suffered damages of $178,579.44 and an additional $675 in litigation costs, bringing the total damages to $179,254.44. TDMG has therefore satisfied the elements of a breach of contract claim and pled a sum-certain in damages.[1] I will therefore grant its Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 29, 2024

---

[1] Because TDMG has demonstrated the existence of an express contract, it cannot succeed on its quasi-contractual theories of *quantum meruit* or promissory estoppel. *See Ruby v. Abington Mem. Hosp.*, 50 A.3d 128, 136 (Pa. Super. 2012).